The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except with the modification to Findings of Fact Number 14 and Conclusions of Law Number 4.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of plaintiff's alleged injury, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. At the time of plaintiff's alleged injury, the employment relationship existed between plaintiff and defendant-employer.
3. Travelers Insurance Company was the carrier on the risk on January 28, 1992.
4. Plaintiff and defendant entered a Form 21 agreement which was approved by the North Carolina Industrial Commission on April 13, 1992. Under the terms of that agreement, plaintiff's average weekly wage was $470.00, yielding a compensation rate of $313.00. Plaintiff received temporary total disability benefits for the period between February 10, 1992, and February 23, 1992.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner, except with modifications to Finding of Fact Number 14, as follows:
 FINDINGS OF FACT
1. On January 6, 1994, plaintiff filed a Form 33 Request for Hearing with the Industrial Commission. The Form 33 lists the area of injury as "cervical — upper shoulder" with a date of injury of January 28, 1992.
2. This case was originally heard before Deputy Commissioner Neil Fuleihan on October 12, 1994. However, before the medical evidence had been finalized, Deputy Commissioner Fuleihan learned that plaintiff had undergone surgery, and so he returned the case to the active hearing docket for a hearing denovo. No new Form 33 has been filed.
3. On January 28, 1992, plaintiff was employed by defendant as a foreman, doing heavy physical work. On that day, plaintiff sustained a compensable injury by accident when he attempted to move a steel beam. This accident was the subject of a Form 21 approved by the Industrial Commission on April 13, 1992. The Form 21 indicates the nature of plaintiff's injury was a cervical strain.
4. Following his accident, most of plaintiff's pain complaints were regarding his left shoulder, for which he received treatment from Dr. Floyd S. Critoria at Knightdale Chiropractic Clinic.
5. Plaintiff returned to work for defendant around February 23, 1992, and continued working until he had a stroke in May 1992. Plaintiff returned to work after his stroke in the fall of 1992.
6. Plaintiff again sought chiropractic treatment from Dr. Critoria from March 22, 1993, until June 7, 1993. In June and July 1993, plaintiff saw Dr. Phadke. Dr. Phadke recommended some x-rays, but it appears these were not done. Plaintiff did not seek medical treatment again for his neck and shoulder pain until after November 15, 1994.
7. Plaintiff continued to have incidental pain in his left shoulder, which he treated primarily with Advil. However, as shown by his own notebook diary, plaintiff had otherwise recovered from his original injury by accident of January 28, 1992. The notebook kept by plaintiff's wife, documenting his pain and time out of work contains no entries after February 21, 1992, until November 15, 1994, when she notes "reinjured on job w/sledgehammer." Plaintiff was able to continue his regular work which involved heavy labor until November 15, 1994.
8. On or about November 15, 1994, plaintiff sustained a new and distinct injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant-employer when, as he was using a sledgehammer, his left shoulder and arm pain became severe. After this accident, due to the pain, plaintiff could not continue working and sought medical attention.
9. Plaintiff came under the care of Dr. Kenneth Rich, a neurosurgeon, whom plaintiff first saw on January 3, 1995. Plaintiff told Dr. Rich about his work-related accident in 1992, and that he had continued to experience neck, shoulder, and arm pain since then, but kept working. Dr. Rich noted that after the sledgehammer incident, plaintiff's pain increased markedly to the point that he could not work.
10. An MRI done on January 3, 1995, showed a lot of degenerative changes with spinal stenosis at multiple levels to include C4 through T1, and evidence of spondylosis at C4-C7. A myelogram done on January 13, 1995, showed moderately severe degenerative changes of the cervical spine, with multi-level ventral ridging C3-C4 through C6-C7, and probable spinal stenosis at C5-C6. A CT scan also showed multi-level osteophytes resulting in ventral ridging C3 to C7, spinal stenosis at C5-C6, disc bulging at C3-4 and C4-5, and right central disc bulge/HNP at C7-T1. These results showed that plaintiff had cervical disc disease.
11. Dr. Rich attempted to treat plaintiff's pain conservatively with medication and modalities, but this did not bring plaintiff relief. After reviewing all the test results, and since conservative treatment was not effective, on January 17, 1995, Dr. Rich performed an anterior cervical diskectomy and fusion, using a titanium plate to stabilize the area at C4-C5-C6.
12. The accident of January 28, 1992, originally caused injury to plaintiff's neck and shoulder, to the point that he sought medical attention, including the treatment rendered by Dr. Critoria and Dr. Phadke in 1993. However, other than incidental pain, plaintiff had recovered from his injuries by the time he returned to work on or about February 23, 1992.
13. The sledgehammer accident of November 15, 1994, significantly aggravated plaintiff's pre-existing cervical disc disease and his prior injury to the point that plaintiff could not work due to his pain and surgery became necessary.
14. The accident of November 15, 1994, occurred when the defendant employer was self-insured, and the carrier involved in this claim was no longer on the risk. This second claim is not before the undersigned.
 ***********
Based upon the Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of his injury by accident of January 28, 1992, plaintiff sustained injury to his neck and left shoulder, for which he incurred medical expenses for treatment rendered which was reasonably necessary to effect a cure, give relief or lessen any period of disability up until November 15, 1994, including the medical treatment rendered by Dr. Critoria and Dr. Phadke in 1993. N.C. Gen. Stat. § 97-2 (19).
2. As a result of his injury by accident of January 28, 1992, plaintiff was temporarily totally disabled from February 10, 1992, to February 23, 1992, a period for which defendants have paid plaintiff compensation pursuant to the Form 21. N.C. Gen. Stat. § 97-29.
3. The new injury by accident of November 15, 1994, which would otherwise be compensable, aggravated plaintiff's pre-existing cervical disc disease and prior injury to the extent that plaintiff could not work and needed additional medical treatment, including the surgery performed by Dr. Rich. N.C. Gen. Stat. § 97-2.
4. Since a claim now has been filed regarding the injury by accident of November 15, 1994, resolution of that matter (IC. 648097) will be handled separately. N.C. Gen. Stat. § 97-24.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission affirms the holding of the Deputy Commissioner with the modifications set forth herein and enters the following:
 AWARD
1. Defendants shall pay all medical expenses reasonably incurred by plaintiff as a result of his injury by accident of January 28, 1992 for treatment rendered which reasonably tended to effect a cure or give relief or lessen plaintiff's period of disability, including the treatment rendered in 1993 by Dr. Critoria and Dr. Phadke. This does not include any treatment rendered as a result of plaintiff's injury by accident of November 15, 1994, (IC Number 648097).
This ___ day of February 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
DISSENTING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
DCS:bjp/jlr